KENNETH D. SULZER (SBN 120253)
ksulzer@constangy.com
REMY KESSLER (SBN 123165)
rkessler@constangy.com
NICOLAS W. TOMAS (SBN 339752)
ntomas@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Tel: (310) 909-7775 | Fax: (424) 465-6630

Attorneys for Defendant and Counterclaim Plaintiff
GLOBAL K9 PROTECTION GROUP, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT GENOSA, an individual,<br><br>　　　　Plaintiff,<br>v.<br><br>GLOBAL K9 PROTECTION GROUP, LLC, an Alabama Limited Liability Corporation,<br><br>　　　　Defendant.<br><br>GLOBAL K9 PROTECTION GROUP, LLC, an Alabama Limited Liability Corporation,<br><br>　　　　Counterclaim Plaintiff,<br>v.<br><br>VINCENT GENOSA, an individual,<br><br>　　　　Counterclaim Defendant. | Case No. 2:25-cv-03727-FLA-JPR<br><br>**DEFENDANT GLOBAL K9 PROTECTION GROUP, LLC'S (1) ANSWER TO PLAINTIFF VINCENT GENOSA'S FIRST AMENDED COMPLAINT AND (2) COUNTERCLAIM** |

1

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTERCLAIM

Defendant GLOBAL K9 PROTECTION GROUP, LLC ("Defendant") for its Answer, Affirmative Defenses, and Counterclaim, states as follows:

## JURISDICTION AND VENUE

1. In answer to the allegations of paragraph 1 of the First Amended Complaint, Defendant admits that the amount in controversy exceeds $35,000.00. Except as expressly admitted, the remaining allegations therein set forth legal contentions and/or conclusions that do not require any response by Defendant.

2. In answer to the allegations of paragraph 2 of the First Amended Complaint, Defendant admits that the alleged injuries sustained by Plaintiff occurred in the County of Los Angeles. Except as expressly admitted, the remaining allegations therein set forth legal contentions and/or conclusions that do not require any response by Defendant.

## THE PARTIES

3. In answer to the allegations of paragraph 3 of the First Amended Complaint, Defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations set forth in paragraph 3 and, basing its denial on that ground, denies said allegations.

4. In answer to the allegations of paragraph 4 of the First Amended Complaint, Defendant admits the allegations set forth therein.

5. In answer to the allegations of paragraph 5 of the First Amended Complaint, Defendant admits that at all times relevant to the Complaint, Defendant has been a limited liability company formed in Alabama with its principal place of business in Opelika, Alabama. Except as expressly admitted, Defendant denies the allegations set forth therein.

## FACTUAL BACKGROUND

6. In answer to the allegations of paragraph 6 of the First Amended Complaint, Defendant admits that Plaintiff began working for Defendant on or about November 19, 2018. Except as expressly admitted, Defendant denies the allegations

set forth therein.

7. In answer to the allegations of paragraph 7 of the First Amended Complaint, Defendant admits the allegations set forth therein.

8. In answer to the allegations of paragraph 8 of the First Amended Complaint, Defendant admits that during the course of his employment with Defendant, he took more than one military leave of absence. Except as expressly admitted, Defendant denies the allegations set forth therein.

9. In answer to the allegations of paragraph 9 of the First Amended Complaint, Defendant admits that Plaintiff was on military leave from September 18, 2020 to November 9, 2020. Defendant lacks information sufficient to enable it to form a belief as to the truth of the remaining allegations set forth in paragraph 9 and, basing its denial on that ground, denies said allegations.

10. In answer to the allegations of paragraph 10 of the First Amended Complaint, Defendant admits the allegations set forth therein.

11. In answer to the allegations of paragraph 11 of the First Amended Complaint, Defendant admits the allegations set forth therein.

12. In answer to the allegations of paragraph 12 of the First Amended Complaint, Defendant admits that on February 3, 2021, Roland Beason informed Plaintiff by email that he was overpaid wages in the amount of $7,765.62 during his military leave from September 18, 2020 to November 9, 2020 by mistake. Except as expressly admitted, Defendant denies the allegations set forth therein.

13. In answer to the allegations of paragraph 13 of the First Amended Complaint, Defendant admits that Roland Beason presented Plaintiff with a, "Voluntary Payroll Deduction Authorization Form," which proposed that Plaintiff would repay $500.00 per paycheck in overpaid wages. Except as expressly admitted, Defendant denies the allegations set forth therein.

14. In answer to the allegations of paragraph 14 of the First Amended Complaint, Defendant admits the allegations set forth therein.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; COUNTERCLAIM

15. In answer to the allegations of paragraph 15 of the First Amended Complaint, Defendant admits that Roland Beason communicated with Plaintiff regarding the overpayment of wages paid to Plaintiff and Plaintiff stated he was a salaried employee who had previously been compensated for periods in which he took military leaves. Except as expressly admitted, Defendant denies the allegations set forth therein.

16. In answer to the allegations of paragraph 16 of the First Amended Complaint, Defendant admits that Plaintiff stated, "I just don't like being threatened for other people's mistakes," and also stated, "You have shown nothing but aggression towards me for a mistake that was 100% your fault." Except as expressly admitted, Defendant denies the allegations set forth therein.

17. In answer to the allegations of paragraph 17 of the First Amended Complaint, Defendant admits that Plaintiff requested that the "Voluntary Payroll Deduction Authorization Form" be reworded. Defendant lacks information sufficient to enable it to form a belief as to the truth of the remaining allegations set forth in paragraph 17 and, basing its denial on that ground, denies said allegations.

18. In answer to the allegations of paragraph 18 of the First Amended Complaint, Defendant admits that Plaintiff was informed that if he did not sign the "Voluntary Payroll Deduction Authorization Form" by February 26, 2021, he would be terminated, and that Plaintiff ultimately did not sign the "Voluntary Payroll Deduction Authorization Form." Defendant lacks information sufficient to enable it to form a belief as to the truth of the remaining allegations set forth in paragraph 17 and, basing its denial on that ground, denies said allegations.

19. In answer to the allegations of paragraph 19 of the First Amended Complaint, Defendant admits that Plaintiff provided Defendant two weeks' notice of his resignation on February 24, 2021. Except as expressly admitted, Defendant denies the allegations set forth therein.

///

20. In answer to the allegations of paragraph 20 of the First Amended Complaint, Defendant admits that on or about February 26, 2021, George Gastelum and other employees of Defendant took custody of the canine that Plaintiff was assigned to work with. Except as expressly admitted, Defendant denies the allegations set forth therein.

## FIRST CAUSE OF ACTION

### Retaliation

### (Cal. Labor Code § 1102.5)

21. Defendant hereby incorporates and references paragraphs 1 through 20 of this Answer, inclusive, as though set forth herein.

22. In answer to the allegations of paragraph 22 of the First Amended Complaint, Defendant denies the allegations set forth therein.

23. In answer to the allegations of paragraph 23 of the First Amended Complaint, Defendant denies the allegations set forth therein.

24. In answer to the allegations of paragraph 24 of the First Amended Complaint, Defendant denies the allegations set forth therein.

25. In answer to the allegations of paragraph 25 of the First Amended Complaint, it sets forth legal contentions and/or conclusions that do not require any response by Defendant.

26. In answer to the allegations of paragraph 26 of the First Amended Complaint, Defendant denies the allegations set forth therein.

27. In answer to the allegations of paragraph 27 of the First Amended Complaint, Defendant denies the allegations set forth therein.

28. In answer to the allegations of paragraph 28 of the First Amended Complaint, Defendant denies the allegations set forth therein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses to the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The First Amended Complaint fails to state facts sufficient to constitute valid claims for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Defendant alleges, based on information and belief, that Plaintiff's claims, or portions thereof, are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith Defense)

3. Defendant alleges, based on information and belief, that at all times relevant to Plaintiff's First Amended Complaint, Defendant had good faith defenses, based in law and/or fact, which, if upheld, would preclude any recovery by Plaintiff based on the allegations in the First Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. Defendant alleges, based on information and belief, that Plaintiff's First Amended Complaint is barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Defendant alleges, based on information and belief, that Plaintiff's First Amended Complaint is barred, in whole or in part, to the extent Plaintiff has unclean hands with respect to the claims asserted.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel/Consent)

6. Defendant alleges, based on information and belief, that Plaintiff's First Amended Complaint is barred, in whole or in part, under the equitable doctrines of waiver, estoppel, and/or consent.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

7.  Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate, minimize, or avoid his purported damages, and Defendant further alleges that to the extent that any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Act Provides Exclusive Remedy)**

9.  Defendant alleges, based on information and belief, that the Court lacks jurisdiction over the subject matter of all or part of Plaintiff's claims for relief because the exclusive remedy for his purported injuries lies under the California Workers' Compensation Act, Cal. Lab. Code § 3600, *et seq*.

**NINTH AFFIRMATIVE DEFENSE**

**(Lack of Injury)**

10.  Defendant alleges, based on information and belief, that Plaintiff's purported claims are barred, in whole or in part, because Plaintiff did not suffer any injury as a result of a willful or knowing and intentional violation.

**TENTH AFFIRMATIVE DEFENSE**

**(Legitimate Reasons)**

11.  Defendant alleges, based on information and belief, that its conduct was based on legitimate, non-discriminatory and non-retaliatory reasons which were not pretextual. In addition, if its conduct was motivated by both discriminatory and/or retaliatory and non-discriminatory and/or non-retaliatory reasons, the non-discriminatory and non-retaliatory reasons would have induced it to make the same decision.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Offset/Setoff)**

14.  Defendant alleges, based on information and belief, that any recovery by

Plaintiff should be offset by any amount owed by Plaintiff to Defendant, including as a result of Defendant's overpayment of wages to Plaintiff.

## COUNTERCLAIM

Counterclaim Plaintiff GLOBAL K9 PROTECTION GROUP, LLC ("Counterclaim Plaintiff") hereby counterclaims against Counterclaim Defendant VINCENT GENOSA ("Counterclaim Defendant") and in support of same alleges as follows:

### Nature of the Counterclaim And Jurisdiction

1. Counterclaim Plaintiff brings a counterclaim for money had and received to recover a mistaken overpayment of wages to Counterclaim Defendant.

2. The Court has subject matter over the state law counterclaim pursuant to 28 U.S.C. §§ 1367 and 1338(b).

### The Parties

3. Counterclaim Plaintiff is a limited liability company duly organized under the laws of the State of Alabama, having its principal place of business in Opelika, Alabama.

4. Counterclaim Defendant Vincent Genosa ("Counterclaim Defendant") is, upon information and belief, an individual residing in this district.

### FIRST COUNTERCLAIM
### Common Count: Money Had and Received

5. Counterclaim Plaintiff repeats and reincorporates paragraphs 1 through 4 of this Counterclaim as though set forth fully herein.

6. Counterclaim Plaintiff employed Counterclaim Defendant from approximately November 2018 to approximately February 2021.

7. From approximately September 18, 2020 to November 9, 2020, and over the course of a number of pay periods, Counterclaim Plaintiff mistakenly overpaid Counterclaim Defendant wages totaling $7,765.62. Counterclaim Defendant was paid wages during which he was on a military leave of absence. Counterclaim Defendant

was not entitled to this money and this money was not intended for Counterclaim Defendant, but this money was intended to be used for the benefit of Counterclaim Plaintiff.

8. Indeed, there is and was no lawful requirement for Counterclaim Plaintiff to pay wages to any non-exempt employees for the time they are on a military leave of absence and not otherwise performing work for Counterclaim Plaintiff. Counterclaim Plaintiff's policy also is that non-exempt employees are not entitled to be paid wages for the time when they are serving in the military.

9. Counterclaim Defendant did not use the mistaken overpayment of wages for the benefit of Counterclaim Plaintiff.

10. Counterclaim Plaintiff has demanded that Counterclaim Defendant return the mistaken overpayment of wages, but Counterclaim Defendant has failed and refused to return the sum, or any part thereof, without proper justification.

11. As a result, Counterclaim Plaintiff has been damaged in an amount of no less than $7,765.62.

WHEREFORE, Defendant and Counterclaim Plaintiff prays for judgment against Plaintiff and Counterclaim Defendant as follows:

1. That the First Amended Complaint be dismissed in its entirety and with prejudice and that Plaintiff take nothing by reason of such First Amended Complaint;
2. That Defendant be awarded its costs of suit incurred herein;
3. That Defendant be awarded its reasonable attorneys' fees to the extent provided by law;
4. That judgment be entered in favor of Defendant on Plaintiff's First Amended Complaint;
5. That judgment be entered in favor of Counterclaim Plaintiff on its Counterclaim against Counterclaim Defendant; and

///

6. That Defendant and Counterclaim Plaintiff receive such other and further relief as the Court deems just and proper.

Dated: April 30, 2025     **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: */s/ Remy Kessler*
Kenneth D. Sulzer
Remy Kessler
Nicolas W. Tomas
Attorneys for Defendant/Counterclaim Plaintiff
GLOBAL K9 PROTECTION GROUP, LLC